**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CENTRAL WAREHOUSE SALES CORPORATION on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CHAMPION LABORATORIES, INC., PUROLATOR FILTERS N.A. L.L.C., HONEYWELL INTERNATIONAL INC., WIX FILTRATION PRODUCTS, CUMMINS FILTRATION INC., THE DONALDSON COMPANY, BALDWIN FILTERS INC., BOSCH U.S.A., MANN + HUMMEL U.S.A., INC., ARVINMERITOR, INC., UNITED COMPONENTS, INC. and THE CARLYLE GROUP,<br><br>Defendants. | ) ) ) ) ) Case No. _____ ) ) ) ) **CLASS ACTION COMPLAINT** ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) ) ) ) ) ) |

Central Warehouse Sales Corporation ("Central Warehouse" or "Plaintiff"), by and through its undersigned counsel, brings this action for treble damages and costs of suit under the antitrust laws of the United States against Defendants (defined below). Central Warehouse, upon personal knowledge with respect to its own acts and upon information and belief with respect to all other matters, alleges for its complaint as follows:

## SUMMARY OF CLAIMS

1.      This case involves an anticompetitive conspiracy among the largest manufacturers of oil, air, fuel, and transmission filters in the aftermarket (*i.e.*, the market for replacement filters)

("Filters") to fix, raise, maintain or stabilize prices, rig bids and allocate customers for Filters in the United States in violation of Section 1 of the Sherman Act.

2.     Many of the allegations contained herein are based on allegations made by a senior sales executive who was employed by two of the Defendants who has alleged that he has personal knowledge of meetings and agreements among the Defendants, and that he has recorded relevant conversations.

3.     The Defendants conspired and agreed to coordinate prices, rig bids and allocate customers from at least January 1, 1999 to the present ("Class Period").  Through meetings at industry events and elsewhere and the exchange of confidential pricing materials, Defendants unlawfully agreed to the magnitude and timing of price increases, among other things, throughout the Class Period.

4.     Because of Defendants' unlawful conduct, Plaintiff and the Class (defined below) have been forced to pay supracompetitive prices for Filters and as a result have suffered antitrust injury to their business or property.

5.     Plaintiff brings this lawsuit as a class action on behalf of direct purchasers who purchased Filters in the United States from Defendants during the Class Period.  This action is brought under Section 1 of the Sherman Act to enjoin this anticompetitive conduct and recover damages suffered by the Class.

## JURISDICTION AND VENUE

6.     Plaintiff brings this action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to prevent and restrain violations of and to recover treble damages and the costs of this suit, including reasonable attorneys' fees, for injuries sustained by Plaintiff and the

Class as a result of Defendants' violation of Section 1 of the Sherman Act, 15 U.S.C.§ 1, as alleged herein.

7.    This Court has jurisdiction over the claims alleged herein under 28 U.S.C. §§ 1331 and 1337.

8.    Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c) and 15 U.S.C. §§ 15(a) and 22 because during the Class Period, Defendants resided, transacted business, were found, or had agents in this district, and because a substantial portion of the affected interstate trade and commerce described herein has been carried out in this district.

## INTERSTATE COMMERCE

9.    The activities of Defendants and their co-conspirators, as described herein, were within the flow of and substantially affected interstate commerce.

10.    During the Class period, Defendants manufactured and sold and/or distributed substantial quantities of Filters in a continuous and uninterrupted flow of interstate and international commerce to customers located throughout the United States.

## THE PARTIES

11.    Plaintiff Central Warehouse Sales Corporation is a Pennsylvania Corporation headquartered in Scranton, Pennsylvania. Central Warehouse purchased Filters in the United States directly from one or more of the Defendants during the Class Period.

12.    Defendant Champion Laboratories, Inc. is a corporation headquartered at Albion, Illinois, with a business address at 200 S. Fourth St., Albion, IL 62806. Champion Laboratories, Inc. manufactured and sold Filters in the United States during the Class Period.

13.    Defendant United Components, Inc. is a corporation headquartered in Evansville, Indiana, with a business address at 14601 Highway 41 N., Evansville, IN 47725-9357. Champion Laboratories, Inc. is a wholly-owned subsidiary of United Components, Inc.

14.    Defendant The Carlyle Group is a private investment group partnership based in Washington, District of Columbia, with a business address at 1001 Pennsylvania Ave NW #220, Washington, DC 20004-2505. United Components, Inc. is owned by The Carlyle Group. Champion Laboratories, Inc., United Components, Inc. and The Carlyle Group are herein collectively referred to as "Champion."

15.    Defendant Purolator Filters N.A. L.L.C. is a limited liability corporation with its principal place of business at Fayetteville, North Carolina, and a business address at 3200 Natal St., Fayetteville, NC 28306-2845. Purolator Filters N.A. L.L.C. manufactured and sold Filters in the United States during the Class Period. Purolator Filters N.A. L.L.C. is a joint venture between Bosch U.S.A. and Mann + Hummel U.S.A., Inc.

16.    Defendant Bosch U.S.A. is a company headquartered in Broadview, Illinois, with a business address at 38000 Hills Tech Drive, Farmington Hills, MI 48831.

17.    Defendant Mann + Hummel U.S.A. is a company headquartered in Portage, Michigan, with a business address at 6400 S. Sprinkle Road, Portage, MI 49002.

18.    Defendant ArvinMeritor Inc. is a corporation headquartered in Troy, Michigan, with a business address at 2135 West Maple Road, Troy, MI 48084. Prior to April 2006, Purolator Filters N.A. L.L.C. was owned by ArvinMeritor, Inc., Purolator Filters N.A. L.L.C., Bosch U.S.A., Mann + Hummel U.S.A. and ArvinMeritor Inc. are herein collectively referred to as Purolator.

19.    Defendant Honeywell International ("Honeywell") is a corporation headquartered at Morristown, New Jersey, with a business address at 100 Columbia Road, Morristown, NJ 07962. Honeywell International manufactured and sold Filters in the United States during the Class Period. Honeywell International Consumer Products Group is a division of Honeywell International located in Danbury, Connecticut and is responsible for the manufacture and sale of Filters, principally under the FRAM® brand.

20.    Defendant Wix Filtration Corp. LLC ("Wix") is a limited liability company headquartered in Gastonia, North Carolina, with a business address at One Wix Way, Gastonia, NC 28054. Wix manufactured and sold Filters in the United States during the Class Period.

21.    Defendant Cummins Filtration Inc. ("Cummins") is a wholly-owned subsidiary of Cummins Inc. and is headquartered in Nashville, Tennessee, with a business address at 2931 Elm Hill Pike, Nashville, TN 37214. Cummins manufactured and sold Filters in the United States during the Class Period.

22.    Defendant The Donaldson Company ("Donaldson") is a corporation headquartered in Minneapolis, Minnesota, with a business address at 1400 West 94th St., Minneapolis, MN 55431. Donaldson manufactured and sold Filters in the United States during the Class Period.

23.    Defendant Baldwin Filters, Inc. ("Baldwin") is a corporation headquartered in Kearney, Nebraska, with a business address at 4400 E. Hwy. 30, Kearney, NE 68848-6010. Baldwin manufactured and sold Filters in the United States during the Class Period.

24.    Champion, Purolator, Honeywell, Wix, Donaldson, Cummins and Baldwin are collectively referred to herein as "Defendants."

## CO-CONSPIRATORS

25.     Wherever in this Complaint reference is made to any act, deed or transaction of any corporation, the allegation means that the corporation engaged in the act, deed or transaction by or through its officers, directors, agents, employees or representatives while they were actively engaged in the management transaction of the corporation's business or affairs.

26.     The acts alleged in this Complaint engaged in by Defendants were performed by their officers, directors, agents, employees or representatives while engaged in the management, direction, control or transaction of the Defendants' business affairs.

27.     Various other persons, firms and corporations not named as Defendants herein have participated as co-conspirators in the violations alleged herein and have aided, abetted and performed acts and made statements in furtherance thereof.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action against Defendants under Rule 23(a) (b )(3) of the Federal Rules of Civil Procedure on behalf of all members of the following Class:

> All persons and entities (excluding Defendants, their predecessors, parents, subsidiaries, affiliates and co-conspirators, and government entities) who purchased Filters in the United States directly from the Defendants or any of their predecessors, parents, subsidiaries, or affiliates, at any time during the period from January 1, 1999 to the present.

29.     Plaintiff does not know the exact number of Class members because such information is in the exclusive control of Defendants or their co-conspirators due to the nature of the trade and commerce involved, however, Plaintiff believes that Class members are sufficiently numerous and geographically dispersed so that joinder of all Class members is impracticable.

30. Plaintiff is a member of the Class. Plaintiff's claims are typical of the claims of the Class members and Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is a direct purchaser of Filters; its interests are consistent with and not antagonistic to those of the other members of the Class. In addition, Plaintiff is represented by counsel who are competent and experienced in the prosecution of antitrust and class action litigation.

31. There are questions of law or fact common to the Class:

(a) Whether Defendants and their co-conspirators engaged in a contract, combination, or conspiracy to fix, raise, maintain or stabilize prices of Filters, rig bids or allocate customers for Filters;

(b) Whether Defendants' contract combination or conspiracy alleged in this Complaint violated Section 1 of the Sherman Act, 15 U.S.C. § 1;

(c) Whether the conduct of Defendants and their co-conspirators caused injury to the business or property of Plaintiff and the other members of the Class;

(d) The effect of Defendants' conspiracy on the prices of Filters sold to purchasers in the United States during the Class Period;

(e) The appropriate nature of class-wide equitable relief; and

(f) The appropriate measure of damages sustained by Plaintiffs and other members of the Class.

32. These questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

33. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Treatment as a class action will permit a large number of similarly situated

7

persons to adjudicate their common claims in a single forum simultaneously, effectively, and without duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by Class members who otherwise could not afford to litigate an antitrust claim such as is asserted in this Complaint. This Class action presents no difficulties in management that would preclude maintenance as a class action.

34.    Finally, the Class is readily definable and is one for which records likely exist in the files of Defendants and their co-conspirators.

## INDUSTRY BACKGROUND

35.    An oil filter is a device used to decontaminate oil that is found in nearly every vehicle sold in the United States. The filtration of oil in engines is essential for enhancing longevity and performance.

36.    A fuel filter is a filter found in a vehicle's fuel line that screens out dirt and rust particles from the fuel. They are found in most internal combustion engines. Fuel filters improve a vehicle's performance, as the fewer contaminants present in the fuel, the more efficiently it can be burnt.

37.    An air filter is a device used in an automotive engine to prevent abrasive particulates from entering the engine's cylinders. Most fuel-injected vehicles use a pleated paper filter element in the form of a flat panel.

38.    A transmission filter prevents harmful contaminants from entering the hydraulic system, where they can increase wear and cause scoring and sticking of hydraulic control valves. Additionally, if a major part fails inside the transmission, the filter may prevent pieces of that part from contributing to a more catastrophic transmission failure. Normally transmission filters

8

trap metal chips from hard parts like gears and bushings and the normal fine material that results from wear of the hydraulic clutch facings and bands.

39.    Filters are typically detachable units that require regular service or replacement. They are fungible products.

40.    Filter manufacturers, such as Defendants, sell Filters primarily to original equipment manufacturers (i.e. vehicles on the production floor) and "aftermarket" sellers (*i.e.,* sellers for professional or self-installation of replacement Filters). The allegations contained herein involve the Filters aftermarket.

41.    Defendants are the primary manufacturers of aftermarket Filters in the United States.

42.    Annual revenues for Filters are approximately $3-5 billion in the United States.

## DEFENDANTS' UNLAWFUL CONDUCT

43.    Beginning at least as early as January 1, 1999 and continuing thereafter, Defendants and their co-conspirators participated in a continuing agreement, combination and conspiracy to artificially fix, raise, maintain or stabilize prices for Filters in the United States. Defendants acted in furtherance of their scheme by, among other things, (i) having their officers and/or representatives meet at industry trade shows and other locations to set prices and (ii) exchanging confidential information regarding pricing.

44.    As a result of their unlawful actions, Defendants were able to force coordinated price increases on the Filters markets.

45.    Defendants' unlawful conduct took many forms, including but not limited to:

  a.    attending meetings and/or otherwise exchanging information regarding the pricing and sale of Filters;

  b.    selling Filters to customers at collusive and non-competitive prices;

c.    agreeing to sell Filters at specified, pre-arranged prices;

d.    agreeing not to complete for each other's customers;

e.    accepting payment at non-competitive prices;

f.    giving actual and/or apparent authority to employees' participation in furtherance of the wrongful conduct; and

g.    fraudulently concealing the wrongful conduct.

46.    Upon information and belief, Defendants engaged in repeated in-person meetings to further their anticompetitive scheme. Many of these meetings occurred at the annual Filter Manufacturers Council meeting in Nashville, Tennessee. The Filter Manufacturers Council is a trade organization comprised of the Defendants and other industry participants.

47.    On January 19, 2006, William G. Burch, former employee of both Purolator N.A. L.L.C. and Champion Laboratories, Inc. ("Champion"), filed a complaint against Champion in state court in Tulsa, Oklahoma, alleging, among other things, that Mr. Burch was wrongfully terminated from his employment with Champion for knowing about, and subsequently reporting to authorities, the antitrust violations alleged in the Pending Actions. This complaint was removed to federal court and then transferred to Illinois for consolidation with a subsequently filed action, *Champion Labs., Inc. v. Burch*, 06-CV-4031 (JPG) (S.D. Ill.), which is currently set for trial in September, 2008.

48.    During the course of his employment, Burch, a former National Accounts and Division Sales Manager for Defendant Champion, alleged and offered evidence in the form of documents and audio tapes that:

a.    He became aware that Champion was involved in activities with Champion's competitors that constitute price-fixing. For example, Champion provided information concerning price increases to competitors before it provided that information to consumers or to the general public.

10

Champion was also given advance information about price increases by its competitors.

b.  Burch also refused to conduct discussions regarding 'pricing' with employees of competitors of Champion.

49.  Defendants' wrongful conduct in manipulating prices was undertaken in order to charge artificially inflated prices for their Filters.

50.  Defendants' wrongful conduct deprived Plaintiff and members of the Class the ability to transfer their business in response to price increases.

51.  Had Defendants not engaged in illegal conduct alleged herein, Plaintiff and other members of the Class would have been able to purchase Filters that were competitively priced.

## TRADE AND COMMERCE

52.  At all material times, Defendants provided Filters to their customers across state lines.

53.  During the relevant time period, in connection with purchase and sale of Filters, monies as well as contracts, bills and other forms of business communication and transactions were transmitted in continuous and uninterrupted flow across state lines.

54.  During the relevant time period, various devices were used to effectuate the illegal acts alleged herein, including the United States mail, interstate travel, and interstate commerce. The activities of Defendants as charged in this Complaint were within the flow of, and have substantially affected, interstate commerce.

## EFFECTS ON COMPETITION

55.  Defendants' unlawful conduct has stifled competition in Filters markets and has had a direct, substantial and adverse effect on competition by artificially increasing prices and stifling innovation.

11

## DAMAGES

56.    As a consequence of Defendants' antitrust violations, Plaintiff and the Class have

sustained substantial losses and damage to their business and property in the form of overcharges

for Filters. Plaintiff and the Class are threatened with further injury unless Defendants are

enjoined from continuing the unlawful conduct alleged herein and from entering into any other

combinations, conspiracies or agreements having similar purposes and effects. All Class

members were affected in the same manner by Defendants' anticompetitive conduct.

### FRAUDULENT CONCEALMENT, EQUITABLE TOLLING AND CONTINUING VIOLATIONS

57.    Plaintiff and other members of the Class had no knowledge of Defendants'

unlawful scheme and could not have discovered Defendants' unlawful conduct at an earlier date

by the exercise of due diligence. Defendants affirmatively concealed their illegal acts and these

acts only recently became known to the public through filings in the aforementioned litigation in

the Southern District of Illinois. As a result of Plaintiff's lack of knowledge of the effects of

Defendants' unlawful scheme, Plaintiff asserts the tolling of any applicable statutes of limitations

affecting the right of action by Plaintiff and other members of the Class.

58.    Moreover, Defendants' actions constitute a continuing violation in that

Defendants' anticompetitive practices resulted in unlawfully priced Filters, and each and every

such transaction at artificially inflated prices is an overt act that injured Plaintiff and other

members of the Class. These artificially inflated prices continue to exist in the Relevant Markets

as Defendants' have yet to cease their unlawful conduct. Upon each and every instance that

Defendants failed to disclose their illegal conduct and their effect on the prices paid by Plaintiff

and the Class, Defendants knew or should have known that the undisclosed information was

material to those who purchased such products.

12

59.    In addition to this successive overcharging, Defendant committed numerous additional overt acts in furtherance of their conspiracy, both within and prior to four years from the date of the filing of this Complaint. Such overt acts include the illegal meetings and communications regarding Filter prices described herein.

60.    Therefore, each instance in which Defendants engaged in the conduct complained of herein and each instance in which a Class member unknowingly remitted paid supra-competitive prices for Filters constitutes part of a continuing violation and operates to toll any applicable statues of limitation. Furthermore, Defendants are estopped from relying on any statute of limitations defense because of their unfair and deceptive conduct.

## COUNT I

### Horizontal Price Fixing (15 U.S.C. § 1)

61.    Plaintiff incorporates by reference the above allegations, as though fully set forth herein.

62.    As alleged above, from at least January 1, 1999, to the present, Defendants combined and conspired to fix, raise, maintain, and stabilize prices in the United States Filters markets at artificially inflated levels, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. These agreements among horizontal competitors of Filters affected interstate commerce and are *per se* illegal.

63.    Plaintiff and the Class have been injured in their business and property by reason of Defendants' antitrust violations. This injury consists of paying more for Filters than Plaintiff and the Class would have paid but for Defendants' illegal conduct. Plaintiffs' injury is the type the antitrust laws were designed to prevent and flows from that which makes Defendants' conduct unlawful.

13

## DEMAND FOR JURY TRIAL

64.    Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully prays:

a.    that the Court determine that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and direct that reasonable notice of this action be given to the Class;

b.    that the acts alleged herein be adjudged and decreed to be *per se* unlawful restraints of trade in violation of Section 1 of the Sherman Act;

c.    that the Class recover three-fold the damages determined to have been sustained by them, and that joint and several judgments be entered against Defendants in favor of the Class;

d.    that the Class recover the costs and expenses of suit, pre-and post-judgment interest, and reasonable attorney fees as provided by law;

e.    that Defendants be enjoined from entering into the unlawful agreements discussed above; and

f.    the Class be granted such other;, further relief as may be determined to be just,

equitable and proper by this Court.


Dated: April 29 , 2008

Respectfully submitted,

By: _____

John A. Macoretta
Eugene A. Spector
Jeffrey J. Corrigan
Jay S. Cohen
William G. Caldes
Jonathan M. Jagher
**SPECTOR, ROSEMAN & KODROFF, P.C.**
1818 Market Street
Suite 2500
Philadelphia, PA 19103
Tel:  (215) 496-0300
Fax: (215) 496-6611
*Counsel for Plaintiff Central Warehouse Sales Corp.*


John C. Murdock
**MURDOCK GOLDENBERG SCHNEIDER & GROH, LPA**
35 E. Seventh Street, Suite 600
Cincinnati, OH  45202


Mark J. Conway
Conway Law Offices
502 S. Blakely Street
Dunmore, PA 18512

15

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of                          NEW JERSEY

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC., et al.

CASE NUMBER:

TO: (Name and address of Defendant)

ArvinMeritor, Inc.
2135 West Maple Road
Troy, MI  48084

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
(By) DEPUTY CLERK

DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1) | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

       I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                Date                    *Signature of Server*

                              _____
                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ NEW JERSEY _____

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

### SUMMONS IN A CIVIL ACTION

V.

CHAMPION LABORATORIES, INC., et al.

CASE NUMBER:

TO: (Name and address of Defendant)

**Baldwin Filters, Inc.**
**4400 E. Hwy. 30**
**Kearney, NE  68848-6010**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                          DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1) | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

　　　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
　　　　　　　　　　Date　　　　　　　　　　　　　　　*Signature of Server*

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ NEW JERSEY

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC., et al.

CASE NUMBER:

TO: (Name and address of Defendant)

**BOSCH U.S.A.**
**38000 HILLS TECH DRIVE**
**FARMINGTON HILLS, MI  48831**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
(By) DEPUTY CLERK

DATE

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                              Date                                    *Signature of Server*


                                             _____
                                                             *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____ NEW JERSEY

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC., et al.

CASE NUMBER:

TO: (Name and address of Defendant)

**THE CARLYLE GROUP**
**1001 PENNSYLVANIA AVENUE NW, #220**
**WASHINGTON, DC  20004-2505**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

✎AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1) | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                          Date                              *Signature of Server*


                                                    _____
                                                              *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

✎AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____      District of      _____
                                                                                    NEW JERSEY

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

### SUMMONS IN A CIVIL ACTION

V.

CHAMPION LABORATORIES, INC., et al.

CASE NUMBER:

TO: (Name and address of Defendant)

**CHAMPION LABORATORIES, INC.**
**200 S. FOURTH STREET**
**ALBION, IL  62806**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
(By) DEPUTY CLERK

DATE

✎AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                              Date                           *Signature of Server*


                                                 _____
                                                             *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ NEW JERSEY _____

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC., et al.

CASE NUMBER:

TO: (Name and address of Defendant)

**Cummins Filtration, Inc.**
**2931 Elm Hill Pike**
**Nashville, TN  37214**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
(By) DEPUTY CLERK

DATE

✎AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1) | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  _____     _____
                              Date                                    *Signature of Server*


                                          _____
                                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____   District of   _____
NEW JERSEY

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC., et al.

CASE NUMBER:

TO: (Name and address of Defendant)

**The Donaldson Company
1400 West 94th Street
Minneapolis, MN  55431**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1) | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
            Date                        *Signature of Server*


                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of NEW JERSEY

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC., et al.

CASE NUMBER:

TO: (Name and address of Defendant)

**Honeywell International
100 Columbia Road
Morristown, NJ 07962**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                          DATE

(By) DEPUTY CLERK

✎AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

| *Check one box below to indicate appropriate method of service* |
|---|

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                          Date                                         *Signature of Server*


                                                 _____
                                                             *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ NEW JERSEY _____

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

V.

CHAMPION LABORATORIES, INC., et al.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

TO: (Name and address of Defendant)

**MANN + HUMMEL U.S.A.**
**6400 S. SPRINKLE ROAD**
**PORTAGE, MI 49002**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA 19103

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1) | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
            Date                        *Signature of Server*


            _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____ NEW JERSEY

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

## SUMMONS IN A CIVIL ACTION

V.

CHAMPION LABORATORIES, INC., et al.

CASE NUMBER:

TO: (Name and address of Defendant)

**PUROLATOR FILTERS N.A. L.L.C.**
**3200 NATAL ST**
**FAYETTEVILLE, NC 28306-2845**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_____
CLERK                                           DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1) | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                  Signature of Server

                          _____
                          Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____   District of   _____ NEW JERSEY _____

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

### SUMMONS IN A CIVIL ACTION

V.

CHAMPION LABORATORIES, INC., et al.

CASE NUMBER:

TO: (Name and address of Defendant)

**UNITED COMPONENTS, INC.**
**14601 HIGHWAY 41 N.**
**EVANSVILLE, IN  47725-9357**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                                     DATE

_____
(By) DEPUTY CLERK

✎AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1) | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                             *Date*                           *Signature of Server*


                                         _____
                                                       *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____      District of      _____  NEW JERSEY

CENTRAL WAREHOUSE SALES COPORATION
on behalf of itself and all others similarly situated

**SUMMONS IN A CIVIL ACTION**

V.

CHAMPION LABORATORIES, INC., et al.

CASE NUMBER:

TO: (Name and address of Defendant)

**Wix Filtration Corp., LLC
One Wix Way
Gastonia, NC  28054**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

JOHN A. MACORETTA
Spector, Roseman & Kodroff, P.C.
1818 Market Street
Suite 2500
Philadelphia, PA  19103

an answer to the complaint which is served on you with this summons, within _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
(By) DEPUTY CLERK

DATE

AO 440  (Rev.  8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1)] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant.  Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                          Date                          *Signature of Server*


                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS 44 (Rev. 12/07, NJ 1/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CENTRAL WAREHOUSE SALES CORPORATION

**(b)** County of Residence of First Listed Plaintiff   LACKAWANNA CO.

**(c)** Attorney's (Firm Name, Address, Telephone Number, and Email Address)

Spector, Roseman & Kodroff, P.C., 1818 Market St., Ste. 2500, Phila., PA 19103 (215) 496-0300; jmacoretta@srk-law.com

## DEFENDANTS

CHAMPION LABORATORIES, INC., et al.

County of Residence of First Listed Defendant   EDWARDS CO.

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 1

Brief description of cause:  Class Action for violation of the antitrust laws pursuant to Section 4 and Section 16 of the Clayton Act, U.S.C. Sections 15 and 26

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S)

(See instructions):

JUDGE                                   DOCKET NUMBER

Explanation:

DATE  APRIL 29, 2008

SIGNATURE OF ATTORNEY OF RECORD  s/JOHN A. MACORETTA

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.    Example:    U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.